TAYLOR v. BADOUX.

(*Nashville.*    February 9, 1893.)

1. CHANCERY COURT. *Jurisdiction to aid non-resident creditor.*

Although debtor and creditor are non-residents of this State, and both residents of the same State, our Chancery Courts have jurisdiction, conferred by statute, independently of the attachment laws, to aid such creditor to subject his debtor's "real or personal property" situate in this State to the payment of his debt, where the creditor has exhausted his legal remedy in the State of their common residence.

Code construed: § 5040 (M. & V.); § 4297 (T. & S.).

Cases cited: Davis v. Fulton, 1 Tenn., 121; Gilman v. Tisdale, 1 Yer., 285.

2. SAME. *Same. Repeal.*

And the statute conferring this jurisdiction upon the Chancery Courts is not repealed or affected by the subsequent modification of the attachment laws, forbidding the issuance of original attachment where both creditor and debtor are non-residents of this State and residents of the same State, except upon affidavit that the debtor has fraudulently removed his property to this State to evade the process of law in the State of their common residence.

Code construed: § 4193 (M. & V.); § 3455*a* (T. & S.).

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

PITTS & MEEKS and E. S. SCRUGGS for Taylor.

J. B. DANIEL for Badoux.

SNODGRASS, J. Complainant and the principal defendant are both residents of Illinois. The suit is brought to subject property owned by defendant in Tennessee, under § 5040 of the Code (M. & V.), on allegations of judgment recovered, execution issued, and return of *nulla bona* in the State of their residence.

Attachment and injunction issued, and were duly executed.

The defendants other than the debtor defend by demurrer, and insist that property in their hands, and in which they are interested with defendant, cannot be reached or appropriated in this proceeding, because it is not alleged in the bill that the property sought to be subjected " had been fraudulently removed to this State to evade the process of law in the State of the domicile or residence " of the parties, as required by Act of 1871, Ch. 122. Code (M. & V.), § 4193.

It is insisted that this Act repealed or modified that before quoted. The Chancellor overruled the demurrer, and allowed defendants to appeal; and they insist upon same grounds here that the decree is erroneous.

This contention is not well made. The first Act gave the Chancery Court exclusive jurisdiction to relieve a creditor, under the precise conditions within which complainant brings himself, and under no other. It is among the subjects long since

Taylor *v.* Badoux.

placed within the exclusive jurisdiction of the Chancery Court. See Title 9, and subdivisions, of Chapter 1, Article I., of the Code; *Davis, Ex'r,* v. *Fulton,* 1 Tenn., 121; *Gilman* v. *Tisdale,* 1 Yer., 285.

The Act of 1871 regulated only the general practice as to attachments at law or in equity, and permitted them in all cases where property had been fraudulently removed to this State from that of the residence of the parties, to evade the process of law in the State of their domicile or residence. Under this Act, the suit need not be brought in equity, nor upon allegations of remedy exhausted in the State where parties reside. It is generally allowed on all claims and in all Courts.

The Act was merely to amend the general attachment laws. But the special and exclusive jurisdiction conferred upon Courts of Equity, to subject the property of a non-resident under the other Act, was not affected, and this may be properly done by attachment even if attachment is not absolutely necessary.

Affirm, and remand for further proceedings.