ALICE L. ANDERSON *et al. v.* SUSIE M. STRIBLING *et al.*

(*Nashville,* December Term, 1929.)

Opinion filed April 5, 1930.

Morris & Simpson, for complainants, appellees.

Shannon & Tubb, for defendants, appellants.

Mr. Justice Cook delivered the opinion of the Court.

The complainants, Alice L. Anderson and husband, J. A. Anderson, are residents of Florida, as are the defend-

ants, Susie M. Stribling, a widow, and her brother, R. A. Jackson.

The bill was filed to enforce payment of a judgment in favor of complainants. It appears from the bill and exhibits that complainants sued in the Circuit Court of Polk County, Florida, upon a note executed by Mrs. Stribling, and on February 3, 1928, recovered a judgment for $2500 principal, $326.50 interest, and $322.65 attorney's fees, upon which execution was issued and returned not satisfied.

It is charged in the bill that the judgment remains unpaid and that defendant Susie M. Stribling owns no property in the State of Florida.

It is further charged that prior to commencement of suit upon the note in the Florida court defendant Susie M. Stribling was the owner of five tracts of land, which are described in the bill, situated in Humphreys County, Tennessee, and on February 1, 1927, she conveyed two of the tracts to her brother, the defendant R. A. Jackson, for the recited consideration of $3400, and on September 21, 1927, conveyed the other three tracts to him, reciting a consideration of $10 cash and other valuable considerations.

It is stated in the bill that Susie M. Stribling has no other property in Tennessee or elsewhere. It is charged that the conveyance of these several tracts by Mrs. Stribling to her brother "were made and contrived of fraud with intent to hinder and defraud creditors, and especially the complainants in the collection of their debt."

Writs of attachment and injunction were issued upon the chancellor's fiat and an attachment was levied upon the land. The defendants Susie M. Stribling and R. A. Jackson made a special appearance through counsel to

challenge the jurisdiction of the court and moved to quash the attachment and dismiss the bill. The chancellor overruled their motion and granted them an appeal.

It is urged through assignments of error which disclosed the grounds of motion to dismiss, (1) that the bill, an attachment suit by the residents of Florida to reach property here, cannot be maintained because it is not shown as required by section 5212, Shannon's Code, that Mrs. Stribling fraudulently removed from Florida property, or the means by which the land was acquired, to this State for the purpose of evading processes of the Florida court; (2) the attachment for the foregoing reason being void, publication will not lie to bring the non-resident defendants before the court, hence no valid judgment could be entered under the statements and prayer of the bill.

■ Section 6106, Shannon's Code, is controlling. Under the provision of this section where the creditor and debtor are residents of another State, courts of equity are given jurisdiction independently of the attachment laws to subject local property to payment of debts. Section 6106 reads:

"When a judgment has been recovered in any other State against a resident of such State and the creditor has exhausted his legal remedy, the real or personal property of the debtor in this State may be subjected to the satisfaction of such debt by bill stating the facts under oath."

■ Sections 5212 and 6106 of Shannon's Code were construed in *Taylor* v. *Badoux*, 92 Tenn., 250, and it was held that section 6106 gave the chancery court exclusive jurisdiction to relieve the creditor under conditions similar to those presented by complainants' bill in this

cause. Whereas section 5212, amendatory of the general attachment laws, related to procedure at law or equity in attachment cases under section 5211 of Shannon's Code.

■ Conveyances of land with intent to defraud creditors are void. Section 3143 of Shannon's Code so declares. And chancery courts of this State have jurisdiction to entertain a bill to set aside conveyances made in violation of the statute last referred to and to subject the property if fraudulently conveyed to the demands of a creditor.

In *Roberts* v. *Frogge,* 149 Tenn., 184, it is said:

"In Tennessee the chancery court is not confined in the exercise of its jurisdiction to decrees *in personam.* By section 4484, of the Code of 1858, the chancery court is expressly authorized to 'divest the title to property, real or personal, out of any of the parties, and vest it in others, and such decree shall have all the force and effect of a conveyance by such parties, executed in due form of law.'

■ "Moreover, by section 4352, of the Code of 1858, personal service of process on a defendant in the court of chancery is dispensed with 'when the defendant is a non-resident of the State.'"

■ In *Paper Co.* v. *Shyer,* 108 Tenn., 444, it was held that the courts of this State have full authority to proceed against a non-resident, upon seizure of his property within the State and publication, and that such non-resident may be bound in such proceedings so far as his property in the State is concerned, but no further.

It is made clear in the opinion of the court in *Roberts* v. *Frogge, supra,* that if the property has been im-

pounded by processes of the court, the court can pass a decree binding the interest of the parties, whether brought before the court by process or publication.

We find no error in the decree of the chancellor.

Affirmed.