PHILLIPS *v.* JOHNS-MANVILLE SALES CORPORATION.

*(Nashville,* December Term, 1945.)

Opinion filed January 5, 1946.

David W. Shields, Jr., of Manchester, for plaintiff in error, defendant below.

John A. Chumbley, of Manchester, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is an action brought in the Circuit Court of Coffee County by the corporation to recover a judgment against J. O. Phillips, the declaration alleging that Phillips is indebted to plaintiff in a named sum for which a judgment had theretofore been rendered against Phillips in the State of Florida, a certified copy of this judgment being exhibited. A plea in abatement was filed which, as summarized in the brief of counsel, challenged "the jurisdiction of the Circuit Court upon the ground that the Plaintiff, Johns-Manville Sales Corporation, is a corporation domesticated in the State of Florida and that the defendant was and is a resident of Dade County, Florida, and was not then and is not now a resident of Tennessee." Issue was joined and proof heard. and, while the facts were found to be as alleged in the plea, the Court adjudged the plea insufficient in law. Exceptions were reserved and a demurrer was then filed challenging in six paragraphs the form and certification of the judgment. By paragraph 7, the jurisdiction of the Circuit Court was denied in the following language: "Because the subject matter of the suit, a suit upon a

foreign judgment taken by a non-resident of the State of Tennessee against a non-resident of Tennessee in another State, is within the exclusive jurisdiction of the Chancery Court.'' All grounds of the demurrer were overruled and, the defendant declining to plead or defend further, judgment was rendered for the sum sued for. Defendant Phillips appealed in error, assigning, in' substance, that the trial Court erred (1) in holding the plea in abatement insufficient in law, and (2) that jurisdiction of the instant suit was not in the Chancery Court exclusively, as insisted by the demurrant.

We are cited to no authority which appears to us to support the plea in abatement, which challenged only the ' right of plaintiff, a corporation of the State of Florida, to bring this action *in personam* in this State against the defendant found here, he being a resident at the time of the same foreign State.

The general rule is as thus stated in 23 Am. Jur., pp. 476, 471, citing numerous supporting cases: ''In the absence of a positive statutory prohibition, a corporation of a sister state or friendly foreign nation may sue in the courts of the forum, whether at law or in equity, by reason of the doctrine of comity, despite the doctrine confining corporate existence to the jurisdiction of the incorporating sovereignty.''

Counsel apparently have proceeded on the assumption that a restrictive distinction exists between a corporation and an individual in this regard. The right of an individual, regardless of his residence, to sue in a transitory action a debtor, regardless of his residence, wherever found, would hardly be questioned, especially in view of our statute, Code, Section 8640, providing that, ''in all transitory actions, the right of action follows the person of the defendant.'' Again, as said in 27 Am.

Jur., p. 471, "In respect of the right to sue [by a non-resident] there is ordinarily no differene between natural and artificial persons." See, to this effect, *Lathrop* v. *Commercial Bank,* 8 Dana, Ky., 114, 33 Am. Dec. 481. We are not dealing here with an action by a foreign corporation "doing business" in this state without having domesticated by the filing of its charter. No such issue is presented. The learned trial judge correctly held this plea insufficient.

We are aware of no rule denying to a foreign corporation the authority to enforce or defend its rights in the courts of this state, except where there has been a failure to comply with our statutes applicable whenever a foreign corporation is "doing business" in this state. In many cases we have discussed and determined whether or not the right to sue or defend has been forfeited by such a failure, but in all these cases it is recognized and assumed that the right would be otherwise clear. These cases include actions for debt, on contracts, for torts, in ejectment, etc., etc. In these cases the sole defense relied on was that of non-compliance. See numerous illustrative cases cited in *Richmond Screw Anchor Co.* v. *Minter Co.,* 156 Tenn. 19, 300 S. W. 574. And see *Broughton* v. *Slusher,* 2 Tenn. Ch. App. 305, cited on the briefs, where, although denying a foreign judgment creditor lien or priority rights under code sections referred to above, this foreign creditor was recognized as entitled to sue and recover as a simple contract creditor on his foreign judgment.

Nor do we find error in his judgment overruling the demurrer challenging the jurisdiction of the circuit court in the instant case.

It is insisted for Phillips that our statutes which provide relief for holders of foreign judgments confine the jurisdiction to our chancery courts. Code, Sections 10367, 9406 and 9399 are cited as controlling. Treating these sections in reverse order, 9399 limits the right of attachment, where both parties are non-residents, to cases of fraudulent removal of the debtor's property to this state. No such issue is involved here, nor does this statute limit jurisdiction to the chancery court. Section 9406 authorizes a non-resident creditor to subject, by bill in chancery, choses in action, or other property of a non-resident debtor, in the hands of a third party. This, again, is obviously without application here. No such relief is sought. Section 10367 provides that when a foreign judgment creditor has exhausted his remedy against his foreign debtor, he may subject the real and personal property of the debtor in this state by sworn bill filed in the county in which the property is situated. The instant suit is not such a proceeding *in rem*. It is purely *in personam*. This Court has repeatedly applied this statute in cases where suits were brought in chancery by non-residents, who had exhausted their remedy in the foreign State, to *subject specific property* in this state, of a non-resident debtor, recognizing that this was the purpose of the act. *Anderson* v. *Stribling*, 160 Tenn. 453, 26 S. W. (2d) 131; *Taylor* v. *Badoux*, 92 Tenn. 249, 21 S. W. 522. In the last cited case, it was said that this statute conferred on the chancery court jurisdiction to give relief under these conditions ''and under no other.''

It is thus apparent that the special provisions made by these statutes for the relief of foreign creditors against property, real and personal, of their non-resident debtors, located in this state, do not, either expressly, or

by implication, deny to such foreign creditors the right to sue *in personam* their debtors when found in this state, whether on judgments or otherwise, and in such cases the circuit court has concurrent jurisdiction.

The judgment is affirmed.