SEAGRAM DISTILLERS COMPANY *v.* HARRY E. CORENSWET,
D/B/A FAVORITE LIQUOR STORE, *et al.*

*(Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

ELKIN GARFINKLE and H. FRANK TAYLOR, both of Nashville, for appellants.

SAM P. WALKER, of Memphis, and VAL SANFORD, of Nashville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case involves a construction of the Fair Trade Law of Tennessee, Sections 6770.1 through 6770.5 of the 1950 Supplement to the Code.

The Seagram Distillers Company filed its original bill in the Chancery Court seeking an injunction against the defendants to restrain them from selling its trade-name

products below established prices. In its bill Seagram alleged that it is a Delaware Corporation, which does no business in Tennessee, except in interstate commerce; that it is the owner of certain trademarks, trade-names and brand names, which are displayed on the containers of its products; that these products are sold in fair and open competition with similar commodities of the same general class produced and sold by numerous other distillers in the State of Tennessee; that it has entered into fair trade agreements with numerous retailers in the State of Tennessee, specimen copy of which was made Exhibit A to the bill; that the appellants were given notice of the prices established under these agreements; but that the appellants refused to abide by such prices, and sold Seagram's products below the established prices in violation of the Fair Trade Law to the great damage of Seagram.

To this bill the appellants filed a demurrer on the following grounds:

"There is no equity on the face of the bill for the following reasons:

"(a) The complainant is not a producer making a sale or a vendee making a re-sale nor is the complainant a vendor selling to a vendee under a contract to re-sell a commodity at a stipulated price; wherefore the complainant does not come within the provisions of the statute known as the Fair Trade Act and has no standing in Court.

"(b) The contract set out in the bill as an exhibit is without consideration and is not binding on anyone.

"(c) The complainant is a foreign corporation not licensed to do business in the State of Tennessee

and has no standing in Court to prosecute this action.''

The Special Chancellor overruled the demurrer and granted the defendants a discretionary appeal, continuing the injunction in force pending the appeal.

The assignments of error complain that the Chancellor should have sustained each of the three grounds of the demurrer referred to herein and dismissed the bill.

We will continue in this opinion to refer to the parties as they appeared in the trial court.

The Special Chancellor expressed the view that the questions presented by the demurrer ''are controlled by the holding of the Supreme Court in the case of *Frankfort Distillers Corp.* v. *Liberto,* 190 Tenn. 478 [230 S. W. 2d 971]''; and accordingly overruled the demurrer.

A copy of the contract between the complainant and defendants is made an exhibit to the bill, and is admittedly a true copy of the original contract. This contract refers to the complainant as the ''Owner'' and distributor of certain alcoholic beverages ''which bear the trademarks, brands, and/or name of the Owner and producer thereof''. The ''Owner'', who is the complainant in this cause, claims the right under our Fair Trade Act to fix the minimum price of its commodities in order to protect its trademark, and also to protect retail sellers thereof from ''cut-throat'' competition.

The bill charges that complainant had set a price for its trademark products by entering into Fair Trade contracts with certain authorized retail dealers in Nashville, Davidson County, Tennessee, and notified all such retail dealers, including the defendants, of prices so fixed, but the defendants failed to abide by the price and were ''engaged in price cutting and in unfair competition'' in violation of the complainant's rights.

■ In construing our Fair Trade Act, we must consider the fact that it was not intended to govern fixing the price of intoxicating liquors alone, but applies to all "trademark" commodities that are the subject of lawful commerce in this State.

The defendants contend that the Frankfort Distillers Corporation case, supra, is not applicable to the first and second grounds of the demurrer, because the questions were not involved or considered by the Court in that case.

The defendants by their demurrer admit that Seagram is the "Owner" of trademarked goods which they are now selling, or offering for sale, below the established prices. They contend however that "the complainant is not a producer making a sale, or vendee making a re-sale" under contract to sell at a stipulated price, and hence the said complainants do not come within the provisions of the Fair Trade Act.

■ Before giving consideration to the first and second assignments of error, we dismiss the third assignment complaining that the "complainant is a foreign corporation, not licensed to do business in Tennessee and hence has no standing in Court to prosecute this action." It is wholly without merit. In *Phillips* v. *Johns-Manville Sales Corp.*, 183 Tenn. 266, 191 S. W. (2d) 554, 555, this Court said:

"We are aware of no rule denying to a foreign corporation the authority to enforce or defend its rights in the courts of this state, except where there has been a failure to comply with our statutes applicable whenever a foreign corporation is 'doing business' in this state."

The complainant, Seagram Distillers Company, is not doing any intrastate business, and its right to prosecute

this action is sustained. The case of *United Artists Corp.* v. *Board of Censors,* 189 Tenn. 397, 225 S. W. (2d) 550, relied on by defendants, has no application here. The assignment of error is overruled.

 Coming now to the merits of the first and second grounds of the demurrer, contention is made that they should have been sustained because (1) "complainant is not a vendor contracting with his vendee", and (2) under the Liquor Laws of Tennessee and the Regulations issued by the Commissioner of Finance and Taxation *no such agreement can be entered into.* This latter contention is without merit because in our opinion the "Liquor Laws" of this State have no bearing upon any issue involved in this case. It was expressly held in the majority opinion in the Frankfort Distillers case, supra [190 Tenn. 478, 230 S. W. (2d) 974], as follows: "We do not think that the legality of the sale of liquor in Tennessee has anything to do with the application of the Fair Trade Act when properly construed." It is furthermore pointed out in the opinion that the sale and distribution of liquor does not place intoxicating liquors in a classification peculiar to themselves in so far as property rights are concerned; "but so far as property rights are concerned, where liquor is legally dealt with, there is no difference in it and any other lawful commodity." (Citing authorities.)

Adverting to the first contention that the complainant is "not a vendor contracting with a vendee" etc., this same question was raised in *Frankfort Distillers Corp.* v. *Liberto,* supra, wherein the retailer insisted the Act should not be applied "because they have never executed Fair Trade agreements". To this argument the Court responded as follows (Prewitt, Justice, speaking for the majority):

"In *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.*, supra, the question of the applicability of the Act to noncontracting dealers is discussed. The contracting dealers must have the protection of the Act; otherwise, having signed a contract for its specific price, they would be helpless against noncontracting dealers cutting the price and taking their trade away from them. The cases cited hold that the purpose of the Act is to prevent unfair competition, and unfair competition would naturally include every noncontracting dealer."

■ In furtherance of the foregoing assignment it is argued that "no consideration is shown in the contract" and that "the question herein raised one of first impression in Tennessee." To this contention we must disagree. The opinion of the Court in Frankfort Distillers, from which we have quoted, is a complete answer to the first question, that is "the Liquor Laws have no application to this case." The Governor's veto of the Fair Trade Liquor bill in 1955 is entirely irrelevant to the issues before us.

We think that the Fair Trade agreements entered into by Seagram with retailers are supported by a sufficient consideration. The defendants citation of cases fails to support the assignment of error, to wit, *General Electric Co.* v. *S. Klein, etc.*, Sup., 121 N. Y. S. (2d) 37, 45; and *Houbigant Sales Corp.* v. *Woods*, 123 N. J. Eq. 40, 196 A. 683, 687.

■ There is no merit in the contention that Seagram's is not a "producer", or "vendor", within the provisions of the Act. When the Act is considered and construed as a whole it applies to *any contract* "relating to the sale or resale of a commodity." That is its purpose, and we are fully convinced that Seagram's status is that of one who

is making lawful distribution of a trademark commodity, and is entitled to have its trade agreements protected under our Fair Trade Act.

The courts have generally held that agreements, such as the one assailed herein, apply only to vertical agreements, that is such as are entered into between persons on different levels, and not to horizontal agreements. 52 Am. Jur. 650, Trademarks etc., Section 180. As to the validity of such agreements, and the consideration supporting them, there appears in the same Section the following: "A price-maintenance agreement, to be within the protection of the statute must be such as to constitute a valid contract. It is held, in this connection, that the mutual benefits to be derived from such an agreement by the parties thereto furnish a sufficient consideration therefor." Cited in the footnote as supporting authority is 125 A. L. R. 1353, 86 L. Ed. 1431.

We think the case of *General Electric Co.* v. *S. Klein, etc.*, supra, relied on by the defendant, supports the complainant's view of the law. In that case General Electric was selling its trademark products exclusively in interstate commerce to wholesalers, who in turn sold to retailers under the New York Fair Trade Act, General Business Law, McK. Consol. Laws, c. 20, § 369-a et seq. The Act was almost identical with our own Tennessee statute. The New York Court held that the contracts entered into were within the scope of the Act.

The nature of the relationship required by the Fair Trade Act is also dealt with in the case of *Calvert Distillers Corp.* v. *Nussbaum,* 166 Misc. 342, 2 N. Y. S. (2d) 320, 321, 325; wherein the court used the following language:

"Nor is it necessary for the owner or producer

to sell directly to the retailer; he may deal with a wholesaler who in turn sells to the retailer.''

To the same effect is *Burroughs Wellcome & Co.* v. *Weissbard,* 129 N. J. Eq. 563, 20 A. (2d) 445. In this case it appears that the defendant had not signed such a contract and was selling below the established prices. The court held that injunctive relief was warranted, referring to the complainant as ''a vendor''.

In *Houbigant Sales Corp.* v. *Woods,* supra [123 N. J. Eq. 40, 196 A. 686], cited by both complainant and the defendants, the court held that the primary purpose of the Trademark Act (construing the New Jersey statute) is to protect the goodwill of the owners of the brands and trademarks by making it unlawful to sell below a stipulated price. ''That the 'contract' is nothing more than a vehicle is demonstrated by the fact that a 'contract' with a single retailer *binds all other retailers when it comes to their attention.*'' (Emphasis supplied.)

Speaking further to the question of ''consideration'', as necessary to support an agreement, the court said: ''It is not necessary that there be any counter promise by the owner or producer to the retailer; nor that there be any loss or detriment to the owner or producer. It is sufficient if there be a benefit to the retailer-promisor.'' While recognizing the necessity for a consideration to support and make legally obligatory the retailer's promise not to sell below the designated price, it was observed that ''no particular or special type or kind of consideration is requisite, either expressly or impliedly, to support this particular promise.''

. Our own case of Frankfort Distillers, which we have cited repeatedly in this opinion, is in accord with the foregoing authorities to the effect that ''price fixing agreements'' are valid as between the owner and retailers, the

former's brands and trademarks being protected and the latter's business being saved from ''cut-throat'' competition. The mutual benefits to be derived therefrom furnish sufficient consideration as a matter of law.

The assignments of error are overruled and the Chancellor's decree is affirmed. The cause is remanded to the Chancery Court for the enforcement of the decree and for such other orders as may become necessary to a final decree.