PLOUGH, INC.

*v.*

HOGUE & KNOTT SUPER MARKET et al.

365 S. W. 2d 884.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

On Rehearing April 3, 1963.

CANADA, RUSSELL & TURNER, STRAUCH & JONES, Memphis, for appellant.

A. Longstreet Heiskell, Frierson M. Graves, Jr., Shepherd, Heiskell, Williams, Wall & Kirsch, Memphis, for appellees.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This suit involves the constitutionality and enforcement of the non-signer provisions of the Fair Trade Act of Tennessee, T.C.A. sec. 69-201 et seq.

The appellant, Plough, Inc., filed an original bill seeking to enjoin the appellees, partners operating a super market, from selling at retail the name-brand products of the appellant at less than the established fair trade retail price.

The bill and exhibits set out a factual situation showing compliance with the requirements of the Act by the appellant, and a violation by the appellees. It prayed for a temporary and permanent injunction against further violations.

The Chancellor, in a written opinion, held the Act unconstitutional as violative of the police power of the State. The appellees admittedly advertised and sold St. Joseph aspirins at a price substantially lower than that fixed by the appellant, manufacturer.

The appellant, manufacturer, is a large corporation, with its principal office of business at Memphis, which sells its products, one of which is the nation wide known brand ''St. Joseph Aspirin Tablet.''

The purpose of the bill is to enjoin not only the parties to the suit, but all retailers attempting or selling these aspirin tablets at a lower price than fixed by the manufacturer.

In *Frankfort Distillers Corp. v. Liberto,* 190 Tenn. 478, 230 S.W.2d 971, this Court upheld the Act as not violating the anti-monopoly clause of the Constitution. This holding was reaffirmed in *Seagram Distillers Co. v. Corenswet,* 198 Tenn. 644, 281 S.W.2d 657 (1955).

In *Frankfort Distillers Corp. v. Liberto,* supra, we reviewed the authorities over the United States, including the cases of the Supreme Court of the United States and came to the conclusion that our Fair Trade Act did not offend our Constitution.

Without reviewing all of the authorities of the Supreme Court of the United States, it can safely be said that Court has declined to interfere with the power and authority of the several states to pass the Fair Trade Acts. These Acts do not come within the power delegated to Congress in the Federal Constitution of 1787, wherein the right to regulate patents, copyrights and trade names was given to Congress.

So then, it was held in *Old Dearborn Distributing Co. v. Seagram-Distillers Corp.,* 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109, that the Fair Trade Act does not violate the Federal Constitution.

██ The Fair Trade Act is constitutional and does not exceed the police power of the Legislature, and is not

a delegation of the legislative power. *Frankfort Distillers Corp. v. Liberto,* supra; *Seagram Distillers Co. v. Corenswet,* supra.

It cannot be said that the Fair Trade Act is an arbitrary exercise by the Legislature of its police power. *Cosmopolitan Life Ins. Co. v. Northington,* 201 Tenn. 541, 300 S.W.2d 911.

This Fair Trade Act is not an unlawful delegation of legislative power. 60 A.L.R.2d 439.

In 60 A.L.R.2d 422 (1958) it is said:

"Section 1. Scope and related matters.

"Fair trade laws, although of comparatively recent origin, are unquestionably the most familiar of legislative methods to control resale price. Such statutes validate contractual provisions by which the buyer of a trademarked or 'brand name' commodity agrees that he will not resell the commodity except at the price stipulated (or, under the form in which the statutes exist in some jurisdictions, except at a price not less than a minimum stipulated by the vendor. Included in such statutes are so-called 'nonsigner provisions'— often described as the backbone of fair trade legislation—under the terms of which one not a party to such a contract, who, with notice, offers for sale or sells a commodity at less than the resale price stipulated in a contract between the vendor and a buyer of a trademarked commodity, is made subject to liability for unfair competition; and it is with these nonsigner provisions that the present annotation is concerned. The validity of these provisions as a matter of federal constitutional law having been established by a decision

of the United States Supreme Court, the question to be dealt with herein is whether nonsigner provisions are defective from a state constitutional point of view."

■ It has been held and is sound that these prohibitions equally apply to nonsigners of the contract.

■ It results that we are of the opinion that our Fair Trade Act is not against public policy of this State, but is an enactment by the Legislature fixing the public policy of the State on this subject.

The decree of the Chancellor will be reversed and the injunction issue as prayed for in the appellant's bill.

### On Petition To Rehear

PER CURIAM.

In our original opinion we said "[t]he decree of the Chancellor will be reversed and the injunction issue as prayed for in the appellant's bill."

The appellees have filed a petition to rehear and have urged that we amend said opinion so as to delete therefrom the words "the injunction issue."

Upon consideration thereof, we are pleased to grant said petition to the extent indicated. Therefore the final sentence of the opinion quoted above will be deleted and the following substituted therefor:

"The decree of the Chancellor is hereby reversed and this cause is remanded for the entry of such orders and decrees as the Chancellor may think proper in the premises, not inconsistent with this opinion."