**S & S GASKET COMPANY, INC.**

v.

**UNITED STATES of America.**

**No. 77–3274–NA–CV.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Nov. 9, 1978.

William Richie Pigue, Glasgow, Adams, Taylor & Philbin, Nashville, Tenn., for plaintiff.

Hal Hardin, U. S. Atty., Nashville, Tenn., J. V. Crockett, III, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

**MEMORANDUM**

MORTON, Chief Judge.

This suit is brought pursuant to 26 U.S.C. § 7426 alleging a wrongful levy to collect taxes by the United States of America. This court has jurisdiction pursuant to 28 U.S.C. § 1346. The facts are stipulated. Both plaintiff and defendant have filed motions for summary judgment.

The stipulated facts are as follows:

(1) Plaintiff is a Tennessee corporation with its principal place of business on Fiberglass Drive, Wilson County, Tennessee.

(2) Defendant is the United States of America.

(3) On December 18, 1975, a final judgment was entered in the Circuit Court of Colbert County, Alabama, in favor of the plaintiff against Wilhite Buildings, Inc., in the amount of $15,154.51. A copy of said final decree is attached to the plaintiff's complaint.

**406**

(4) On March 22, 1976, plaintiff filed its original complaint against Wilhite Buildings, Inc., Murray Steel, Inc., and Friendship Christian School, Inc., in the Chancery Court of Maury County, Tennessee, for the purpose of enforcing its Alabama judgment in the State of Tennessee, at which time plaintiff prayed for extraordinary relief in the nature of a restraining order and writ of attachment seeking to have a sum certain deposited into the registry of the court.

(5) On April 2, 1976, the Chancery Court of Maury County, Tennessee, granted the relief prayed for and ordered one of the original defendants, Friendship Christian School, Inc., to pay into the registry of the Clerk and Master's Office of Maury County, Tennessee, the sum of $15,154.51, which monies were owed to the codefendants. Thereupon the Friendship Christian School, Inc., was dismissed from the suit.

(6) On April 15, 1976, plaintiff filed a supplemental complaint to include Alfred M. Wilhite and Peggy Wilhite as defendants.

(7) On September 13, 1976, the Internal Revenue Service recorded a notice of Federal Tax Lien in the Register's Office of Maury County, Tennessee, naming Wilhite Buildings, Inc., P. O. Box 47, Tuscumbia, Alabama, 35674 as the taxpayer, said tax lien originating in the Birmingham, Alabama, Internal Revenue Service originating district. The notice recited a total unpaid balance in the amount of $9,395.08.

(8) On September 13, 1976, the Internal Revenue Service delivered to the Clerk and Master of the Chancery Court of Maury County, Tennessee, a notice of levy naming Wilhite Buildings, Inc., P. O. Box 47, Tuscumbia, Alabama 35674, as the taxpayer. The notice of levy recited a total unpaid balance in the amount of $9,490.71.

(9) On October 14, 1976, the Chancery Court of Maury County, Tennessee, entered an order decreeing that the Alabama judgment against Wilhite Buildings, Inc., was entitled to full faith and credit in Tennessee and further ordered that the judgment be entered against Wilhite Buildings, Inc., Alfred M. Wilhite, individually, and Peggy Wilhite, individually, in the amount of $15,154.51. The Clerk was directed to disburse from the proceeds on deposit the sum of $5,663.80 to the plaintiff with the balance of $9,490.71 to remain on deposit pending a determination of the priorities to the remaining proceeds between the plaintiff and the United States of America.

Plaintiff asserts that the funds paid into the registry of the Chancery Court of Maury County as a result of the attachment issued by that court were in custodia legis and not subject to the lien filed by the United States of America pursuant to 26 U.S.C. § 6323(f). In the alternative, plaintiff asserts that it had a judgment lien which was choate and thus takes priority over the levy by the government.

The plaintiff must fail on both assertions.

*Tennessee Code Annotated* 16–608 permits a non-resident judgment creditor of a resident of such state after having exhausted remedies to subject property of defendant in the foreign state to the satisfaction of the judgment, to bring suit in Tennessee to reach property belonging to the judgment debtor. When a suit is so initiated, defenses may be asserted thereto. See generally, *Anderson v. Stribling*, 160 Tenn. 453, 26 S.W.2d 131 (1930); *Taylor v. Badoux*, 92 Tenn. 249, 21 S.W. 522 (1893). At some point in time, the judgment creditor, the plaintiff in the courts of Tennessee may through judgment entered in the courts of Tennessee and execution or by writ of attachment issued when the suit is filed in Tennessee obtain satisfaction of his foreign judgment. However, the mere filing of the suit in Tennessee does not automatically, ipso facto, affix a lien on any property of the judgment debtor.

The teachings of *U. S. v. Security Trust and Savings Bank*, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53, mandate that this court reject plaintiff's contentions. Thus plaintiff's motion for summary judgment is denied. The motion of defendant is granted.