IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
FEBRUARY 23, 2010 Session

## STUDSVIK LOGISTICS, LLC v. ROYAL FURNITURE COMPANY

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-09-0432-3      Kenny W. Armstrong, Chancellor**

_____

**No. W2009-00925-COA-R3-CV - Filed April 20, 2010**

_____

This appeal involves a judgment creditor's attempt to enforce a Mississippi default judgment in the general sessions court of Shelby County. The trial court concluded that the general sessions court lacked jurisdiction to enforce the judgment, and it set aside a conditional judgment entered by the general sessions court based on the Mississippi judgment. The judgment creditor appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Robert F. Uhlmann, Memphis, Tennessee, for the appellant, Royal Furniture Company

Robert L. J. Spence, Jr., Bryan M. Meredith, Memphis, Tennessee, for the appellee, Studsvik Logistics, LLC

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

On August 13, 2007, Royal Furniture Company filed a civil warrant in Shelby County general sessions court against Terrance Coleman.  Royal Furniture was seeking to enroll a default judgment it had obtained against Mr. Coleman in the Justice Court of DeSoto County, Mississippi, for $3,515.50.  According to the address listed on the civil warrant, Mr. Coleman was a resident of Mississippi.  However, the civil warrant stated, "please serve at place of employment," and it listed the name and address of Mr. Coleman's employer, Race Logistics[1], which is in Memphis, Tennessee.  Service was attempted on Mr. Coleman but returned "not to be found," and Royal Furniture was unable to perfect service on Mr. Coleman thereafter.

Royal Furniture then moved for a judicial attachment against Mr. Coleman's estate.  The Shelby County general sessions court issued a judicial attachment commanding the sheriff to attach Mr. Coleman's paycheck at Race Logistics to satisfy the judgment.  An attachment by garnishment was issued, but the parties dispute whether it was properly served upon Race Logistics.  When Race Logistics made no appearance in general sessions court, the court entered a conditional judgment against Race Logistics as garnishee.  The court issued a writ of scire facias to be served upon Race Logistics, notifying it of the conditional judgment against it as garnishee and commanding it to appear and show cause why the judgment should not be made final.  Race Logistics again failed to appear, and the conditional judgment against it was made final.

Thereafter, Royal Furniture served Race Logistics an execution by garnishment, and Race Logistics filed an answer stating that it did not possess any property belonging to Mr. Coleman, as Mr. Coleman was no longer an employee of Race Logistics.  According to Race Logistics, it first learned that a conditional judgment had been rendered against it when Royal Furniture later attempted to levy on Race Logistics' personal property at its place of business in execution of the judgment.

Race Logistics then initiated the present case in chancery court by filing a "Complaint to Set Aside Conditional Judgment Entered by the Shelby County General Sessions Court and for Injunctive Relief."  In its complaint, Race Logistics alleged that general sessions courts lack jurisdiction to give full faith and credit to a foreign judgment of another state and

---

[1] The employer's name was apparently Radiological Assistance Consulting and Engineering, LLC, or Race Logistics, LLC, but subsequently, it became Studsvik Logistics, LLC.  We will refer to it as "Race Logistics," as the parties do, in this opinion.

that such jurisdiction lies exclusively in the circuit and chancery courts. According to Race Logistics, then, the conditional judgment entered by the general sessions court was void. Race Logistics argued alternatively that the conditional judgment should be set aside because it was entered after insufficient service of process and without notice to Race Logistics. Royal Furniture filed an answer claiming, among other things, that any court in Tennessee can recognize the judgment of another state.

The chancery court found, based upon its review of various statutes, that "the Circuit and Chancery Courts of Tennessee have exclusive, concurrent jurisdiction to give full faith and credit to a foreign judgment of another state, and that foreign judgments may not be filed in the General Sessions Court." Because the chancery court found that the general sessions court lacked jurisdiction to give full faith and credit to the Mississippi judgment, it concluded that the general sessions court's subsequent orders were void. Therefore, it set aside the conditional judgment against Race Logistics and permanently enjoined Royal Furniture from attempting to execute on the judgment entered by the general sessions court of Shelby County. The court found it unnecessary to rule on the issue of whether Race Logistics was properly served. Royal Furniture timely filed a notice of appeal.

## II.   ISSUES PRESENTED

The only issue raised by Royal Furniture on appeal is whether the Shelby County general sessions court had jurisdiction to give full faith and credit to the Mississippi judgment. For the following reasons, we affirm the decision of the chancery court setting aside the general sessions judgment.

## III.   DISCUSSION

"Subject matter jurisdiction, or the lawful authority of a court to adjudicate a controversy brought before it, is conferred by the constitution and statutes." *Smallwood v. Mann*, 205 S.W.3d 358, 364 (Tenn. 2006) (internal quotation omitted). General sessions courts are courts of limited jurisdiction, whose jurisdiction depends upon the nature and amount of a dispute. *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 183-84 (Tenn. 1995). "Their judgments cannot exceed their jurisdictional limits or their subject matter jurisdiction." *Id.* at 184.

> Under the Uniform Enforcement of Foreign Judgments Act,
> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any *circuit or chancery court* of this state.
> (b) The clerk shall treat the foreign judgment in the same manner as a

judgment of a court of record of this state.

(c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

Tenn. Code Ann. § 26-6-104 (2000) (emphasis added). Thus, Race Logistics is correct in its assertion that Royal Furniture could not enroll its foreign judgment in general sessions court pursuant to Tennessee Code Annotated section 26-6-101, *et seq*. However, judgment creditors have the right to bring a separate action to enforce a foreign judgment rather than proceeding under the Uniform Enforcement of Foreign Judgments Act. Tenn. Code Ann. § 26-6-107 (2000); *Advanta Bus. Servs. Corp. v. McPherson*, No. W1999-02682-COA-R9-CV, 2000 WL 371194, at *3 (Tenn. Ct. App. Apr. 11, 2000); *McCall v. Johnson*, No. 01A01-9408-CH-00392, 1995 WL 138898, at *3 n.2 (Tenn. Ct. App. Mar. 31, 1995). Thus, we must determine whether Royal Furniture pursued another appropriate method of enforcing its judgment.

Royal Furniture cites Tennessee Code Annotated section 16-11-107 (2009), which provides:

When a judgment has been recovered in any other state against a resident of such state, and the creditor has exhausted the creditor's legal remedy, the real or personal property of the debtor in this state may be subjected to the satisfaction of such debt, by bill stating the facts under oath, and filed in the court of the county in which the property is situated.

This statute authorizes a creditor's proceeding in rem. *Phillips v. Johns-Manville Sales Corp.*, 191 S.W.2d 554, 556 (Tenn. 1946). Royal Furniture claims that it could proceed under this statute in general sessions court because the statute "do[es] not speak of exclusivity" with regard to jurisdiction. However, the statute is found in Title 16, Chapter 11, which addresses chancery courts, and Part 1, which discusses chancery courts' jurisdiction and powers. In addition, the Supreme Court has held that exclusive jurisdiction over an in rem proceeding under this statute lies in chancery court. *Phillips*, 191 S.W.2d at 556; *Anderson v. Stribling*, 26 S.W.2d 131, 132 (Tenn. 1930).[2] Therefore, Royal Furniture could not bring an action pursuant to Tennessee Code Annotated section 16-11-107 in general sessions court.

---

[2] In *Phillips* and *Anderson*, the Court was discussing Code 1932, § 10367, and Shannon's code, § 6106, respectively, which predated the current statute at section 16-11-107.

In ***Phillips***, 191 S.W.2d at 270-71, the Court found that the predecessor to Tennessee Code Annotated section 16-11-107 did not deny a judgment creditor "the right to sue *in personam* their debtors *when found in this state*, whether on judgments or otherwise, and in such cases the circuit court has concurrent jurisdiction." (emphasis added). However, Royal Furniture does not argue that it was proceeding in personam,[3] so we need not consider whether it could have brought such an action in general sessions court.

Finally, Royal Furniture contends that Race Logistics waived any objection to the jurisdiction of the general sessions court by failing to appear and raise it in the general sessions court. Because subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy, it cannot be waived by the parties. ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 n.4 (Tenn. 1996).

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. The general sessions court lacked jurisdiction to enroll the Mississippi judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, Tennessee Code Annotated section 26-6-101, *et seq*., and it did not have jurisdiction to allow an in rem proceeding pursuant to Tennessee Code Annotated section 16-11-107. Costs of this appeal are taxed to the appellant, Royal Furniture Company, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[3] Royal Furniture never perfected service on Mr. Coleman in the Tennessee proceedings. The return of service states that he was "not to be found," and the chancery court found that Royal Furniture "was unable to perfect service on Terrance Coleman thereafter."